IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CASE NO.:

ADAM SWINDRO,

      **Plaintiff,**

vs.

AGR GROUP, LLC and
UTILITIES MARKETING GROUP, LLC,

      **Defendants.**

_____/

### AMENDED COMPLAINT

    COMES NOW, Plaintiff, ADAM SWINDRO, by and through his undersigned counsel and

sues the Defendants, AGR GROUP, LLC, hereafter referred to as "AGR" and UTILITIES

MARKETING GROUP, LLC, hereafter referred to as "UTILITIES" and states as follows:

### JURISDICTION AND VENUE

    1.    This is an action for damages in excess of $15,000.00.

    2.    Venue lies within Pinellas County because a substantial part of the events giving rise

to this claim arose in this Judicial District.

### ADMINISTRATIVE PREREQUISITES

    3.    All conditions precedent to bringing this action have occurred.

    4.    Plaintiff, ADAM SWINDRO, timely filed a charge of discrimination on or about

April 29, 2009 with the Equal Opportunity Employment Commission (EEOC) and Florida

Commission on Human Relations (FCHR). A copy of the charge is attached as **Exhibit "A"**.

    5.    More than 60 days have passed since the filing of this charge.

    6.    Plaintiff, ADAM SWINDRO, then received a Notice of Right To Sue on or about

1

December 15, 2009 from the EEOC.  A Copy of the Right to Sue letter is attached as **Exhibit "B"**.

7.      Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## PARTIES

8.      Plaintiff is a resident of Pinellas County, Florida.

9.      Defendant, AGR, is a Florida Limited Liability Company, licensed and authorized to conduct business in the State of Florida.  At all material times, Defendant maintained a facility in Clearwater, Pinellas County, Florida.

10.      Defendant, UTILITIES, is a Florida Limited Liability Company, licensed and authorized to conduct business in the State of Florida.  At all material times, Defendant maintained a facility in Clearwater, Pinellas County, Florida.

11.      Defendants, AGR and UTILITIES, are joint employers and/or a common enterprise.

## GENERAL ALLEGATIONS

12.      At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's federal and state protected rights.

13.      At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

14.      Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a  reasonable fee for their services.

15.      Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

16.      On or about November 7, 2008, Plaintiff, ADAM SWINDRO, began his

2

3/4/2010 11:1 .    FROM: Florin Roebig, P.A.    TO: 462-0365 .    004 OF 009

employment with Defendants in the Sales department and progressed to the position of Director of Commercial Sales..

17.    Plaintiff is a 58 year old male and was the oldest employee at that time of his employment with Defendants.

18.    Plaintiff became number one salesperson and in approximately February 2008 made the largest sale in Defendants' history.

19.    At this time, Plaintiff's supervisor, Sarah Goldberg, advised Plaintiff that he would be the next manager.    However, Plaintiff was passed over three times and the manager's position was filled by younger employees with virtually no commercial electric experience.

20.    On or about April 2008, Plaintiff was promoted to replace his supervisor, Sarah Goldberg; however, Plaintiff was compensated considerably less than Ms.Goldberg and, in fact, less than any other employee at the same level.

21.    Beginning approximately April 2008 through January 2009, Plaintiff was not permitted to take a lunch break while his younger counterparts were.

22.    On or about November 2008, Plaintiff's supervisor, Director of Operations, Jim Warwick (approximately 26 years old) instructed Plaintiff to report to the office of his boss, Executive Director, Steve Upham (approximately 38 years old) where Mr. Warwick and Mr. Upham proceeded to dump a bucket of water over Plaintiff's head.

23.    In addition, Mr. Warwick and Mr. Upham constantly yelled, screamed and belittled Plaintiff in front of his employees.

24.    On or about November/December 2008, Mr. Warwick and Mr. Upham referred to Plaintiff as "old man" and "grandpa" in the presence of Plaintiff's employees.    They also told Plaintiff he was "old" and that he should dye his hair.

3

25.   On or about December 2008, Mr. Warwich and Mr. Upham brought their friend, Brett Lisner. who is in his late 30's, into Plaintiff's department.  Plaintiff was then made to compete against Mr. Lisner to keep his position.  Though Plaintiff easily won this "contest", Plaintiff received an unattainable goal to earn his bonus in return.

26.   On or about December 2008, Plaintiff grew a goatee.  In response, Mr. Warwick and Mr. Upham instructed Plaintiff to dye his goatee so that it would appear the same color as the much younger Brett Lisner's.

27.   Despite Plaintiff's repeated objections to the harassment of Mr. Warwick and Mr. Upham, their discriminatory behavior continued.  In fact, they proceeded to strip Plaintiff of his managerial responsibilities, no longer invited Plaintiff to attend daily sales meetings and cut off Plaintiff's e-mails.

28.   On or about January/February 2009, Plaintiff admitted to Mr. Warwick and Mr. Upham that he had sought an attorney's advice regarding age discrimination and harassment.  Mr. Warwick and Mr. Upham responding by yelling and screaming at Plaintiff for approximately an hour, then Mr. Upham proceeded to terminate Plaintiff's employment with the company.  Shortly thereafter, Plaintiff was advised that he was not terminated and he must have misunderstood.

29.   Mr. Warwick and Mr. Upham's harassment of Plaintiff continued and on or about April 24, 2009, Plaintiff was constructively discharged.

## COUNT I
## AGE DISCRIMINATION PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT

30.   Plaintiff realleges and adopts the allegations stated in Paragraphs one (1) through twenty-nine (29).

31.   Plaintiff is a member of a protected class under the Age Discrimination in

4

Employment Act.

32.    By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

33.    Defendants knew, or should have known of the discrimination.

34.    As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, ADAM SWINDRO, prays for the following damages against Defendants:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Liquidated damages;

    e.    Injunctive relief;

    f.    Costs and attorney's fees;

    g.    For any other relief this Court deems just and equitable.

## COUNT II
## RETALIATION PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT

35.    Plaintiff realleges and adopts the allegations stated in Paragraphs one (1) through twenty-nine (29).

36.    Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Age Discrimination in Employment Act.

37.    The above described acts of retaliation constitute a violation of The Age

5

Discrimination in Employment Act for which Defendants are liable.

38.    As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, ADAM SWINDRO, prays for the following damages against Defendants:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages;

    e.    Pecuniary and non-pecuniary losses;

    f.    Costs and attorney's fees;

    g.    Punitive damages; and

    h.    For any other relief this Court deems just and equitable.

## COUNT III
## FCRA- AGE DISCRIMINATION

39.    Plaintiff realleges and adopts the allegations stated in Paragraphs one (1) through twenty-nine (29).

40.    Plaintiff is a member of a protected class under the Florida Civil Rights Act.

41.    By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of age in violation of the Florida Civil Rights Act, Florida Statutes Chapter 760.

42.    Defendants knew, or should have known of the discrimination.

43.    As a result of Defendants' unlawful discrimination, Plaintiff has suffered and

6

3/4/2010 11:   FROM: Florin Roebig, P.A.   TO: 462-0365   008 OF 009

continues to suffer damages.

WHEREFORE, Plaintiff, ADAM SWINDRO, prays for the following damages against

Defendants:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotion pain and suffering;

    e.    Punitive damages;

    f.    For costs and attorneys' fees;

    g.    Injunctive relief;

    h.    For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT - RETALIATION

44.    Plaintiff realleges and adopts the allegations stated in Paragraphs one (1) through

twenty-nine (29).

45.    Plaintiff suffered an adverse employment action for opposing an employment

practice made unlawful by Florida Statutes Chapter 760. Specifically, Plaintiff opposed age

discrimination in the workplace.

46.    The above described acts of retaliation constitute a violation of Florida Statutes

Chapter 760 for which Defendants are liable.

47.    As a result of Defendants' unlawful retaliation, Plaintiff has suffered and

continues to suffer damages.

WHEREFORE, Plaintiff, ADAM SWINDRO, prays for the following damages against

7

Defendants:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages;

    e.    Pecuniary and non-pecuniary losses;

    f.    Costs and attorneys' fees;

    g.    Punitive damages; and

    h.    For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues so triable.

FLORIN ROEBIG, P.A.

Wolfgang M. Florin, Esquire
FL Bar No.: 907804
Gregory A. Owens, Esquire
FL Bar No.: 0051366
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727)772-9833
Attorneys for Plaintiff
Dated: 3/4/2010

8